IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| 8FIG, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CV-943-RP |
| | § | |
| STEPUP FUNNY, LLC *d/b/a* STEPUP FUNNY *d/b/a* AA7DAYS; BENLONG HALL, LLC *d/b/a* BENGHALL; CALIXO, LLC; SILVANES LLC *d/b/a* DAYBREAK LEAD; ULTIMATE GLAM, LLC *d/b/a* GLAMHIV; ROOTSTIM, LLC *d/b/a* OVERSEAS JAR; WAXIWAY, LLC *d/b/a* INVENTION COOL; SPECTRA HOPE, INC. *d/b/a* STEPEAK *d/b/a* BEAUTIESZILLA; TIGRIS VENTURE, LLC *d/b/a* VENTURELAZE; MICRO UNIVERSE LLC *d/b/a* HUANXI; WORLD OLIVET ASSEMBLY, INC.; OLIVET ASSEMBLY, INC. *a/k/a* OLIVET ASSEMBLY USA; OLIVET UNIVERSITY; GREAT COMMISSION UNIVERSITY; JUBILEE UNIVERSITY; JUBILEE WORLD, INC.; JONATHAN PARK, *individually*; and ELIMWOOD HEMET GOLF RESORT LLC, | § § § § § § § § § § § § § § § § § § § § | |
| Defendants. | § | |

**ORDER**

Before the Court is Newsweek Digital LLC's ("Newsweek") Opposed Motion to Intervene and Unseal Judicial Proceedings and Memorandum in Support. (Dkt. 10). Also before the Court are Plaintiff's response in opposition, (Dkt. 17), Defendants' responses in opposition, (Dkts. 20, 22, and 23), and Newsweek's reply, (Dkt. 27). Newsweek seeks to intervene in this case "for the limited purpose of seeking an order unsealing judicial records filed in this matter." (Dkt. 10, at 1). Newsweek asks the Court to "enter an order directing the Clerk to unseal the Proceedings." (*Id.* at 12). For the reasons discussed below, the Court grants Newsweek's motion to intervene and to

1

unseal. Additionally, the Court will allow Plaintiff and Defendants seven days to file proposed redacted versions of the docket entries to date with specific justifications for each proposed redaction for an *in camera* review.

## I. BACKGROUND

On August 10, 2023, Plaintiff filed a complaint against 18 Defendants, alleging that a number of merchants, who were "connected through membership in or affiliation with a religious sect known internationally as the World Olivet Assembly ["WOA"]… formed an association-in-fact enterprise" alongside the WOA "for the common goal of funding [WOA's] operations through wire fraud and racketeering activity." (Dkt. 1, at 15-16). Plaintiff alleged that "[t]his network of entities and individuals conspired to and did defraud [Plaintiff] out of millions of dollars in furtherance of their enterprise via unlawful means." (*Id.*). On September 9, 2023, the parties filed a Joint Agreed motion to Administratively Close and Seal Proceedings, requesting that the Court administratively close and seal the case "so the parties may make an effort to resolve their disputes without interference from third-parties" while "[a] settlement agreement… presently in place" was completed. (Dkt. 8, at 2). The parties noted that "[t]he case contains confidential and proprietary information that could cause harm to the parties named herein if third-parties disseminate the documents in this case" and emphasized their mutual agreement that sealing was needed. (*Id.*). On September 14, 2023, the Court granted the parties' motion to seal the case but denied their motion to administratively close the proceedings. On September 21, 2023, Newsweek filed an Opposed Motion to Intervene and Unseal Judicial Proceedings, seeking to intervene "for the limited purpose of seeking an order unsealing judicial records filed in this matter." (Dkt. 10, at 1). Plaintiff and Defendants filed responses in opposition, (Dkts. 17, 20, 22, and 23), and Newsweek filed a reply, (Dkt. 27).

## II. NEWSWEEK'S MOTION TO INTERVENE

## A. Legal Standard

Intervention by right is governed by Federal Rule of Civil Procedure 24(a). To intervene by right, the prospective intervenor either must be "given an unconditional right to intervene by a federal statute," Fed. R. Civ. P. 24(a)(1), or must meet each of the four requirements of Rule 24(a)(2):

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015).

The Fifth Circuit has laid out four factors for establishing whether a motion to intervene is timely under the first *Texas* factor:

> "(1) The length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if intervention is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely."

*Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994).

"Although the movant bears the burden of establishing its right to intervene, Rule 24 is to be liberally construed." *Texas*, 805 F.3d at 657 (citations omitted). "Federal courts should allow intervention where no one would be hurt and the greater justice could be attained." *Sierra Club*, 18 F.3d at 1205 (internal quotation marks omitted). However, the Fifth Circuit has also cautioned courts to be "circumspect about allowing intervention of right by public-spirited citizens in suits by or against a public entity for simple reasons of expediency and judicial efficiency." *City of Hous. v. Am. Traffic Sols., Inc.*, 668 F.3d 291, 294 (5th Cir. 2012).

Additionally, "an intervenor of right must have Article III standing in order to pursue relief that is different from that which is sought by a party with standing." *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1651, 198 L. Ed. 2d 64 (2017). "To establish standing, the news agencies must show an injury in fact that is fairly traceable to the challenged act and that is likely to be redressed by the requested remedy." *Davis v. E. Baton Rouge Par. Sch. Bd.*, 78 F.3d 920, 926 (5th Cir. 1996). "Several courts have held that news agencies have standing to challenge confidentiality orders in an effort to obtain information or access to judicial proceedings, although they are neither parties to the litigation nor restrained directly by the orders." *Id.*

## B. Discussion

Newsweek has moved to intervene "for the limited purpose of seeking an order unsealing judicial records filed in this matter." (Dkt. 10, at 1). Newsweek must meet each of the four *Texas* factors to intervene by right. *First*, Newsweek's "application for intervention must be timely." *Texas*, 805 F.3d at 657. The Court finds that Newsweek meets the Fifth Circuit's four-factor test for timeliness in *Sierra Club v. Espy*. Newsweek moved to intervene on September 21, 2023, (Dkt. 10), exactly one week after the Court sealed the case on September 14, 2023. Newsweek's interest in the case only arose upon the Court's order sealing the case, and thus, Newsweek "'discharged [its] duty to act quickly.'" *Ford v. City of Huntsville*, 242 F.3d 235, 240-241 (5th Cir. 2001) (quoting *Stallworth v. Monsanto Co.*, 558 F.2d 257, 267 (5th Cir. 1977) ("By filing their petition less than one month after learning of their interest in this case, the appellants discharged their duty to act quickly.")).

Further, this weeklong period was not prejudicial to any of the parties. *Ford*, 242 F.3d at 240 (The Fifth Circuit "has emphasized that the relevant prejudice is that created by the intervenor's delay in seeking to intervene after it learns of its interest, not prejudice to existing parties if intervention is allowed."). Even a greater delay may have been acceptable, as Newsweek seeks only to intervene to unseal the proceedings. *Id.* ("[B]ecause appellant seeks only to litigate the issue of the

4

confidentiality order and not to reopen the merits of the dispute between the original parties, even a greater delay in the intervention would not have prejudiced the parties.").

Next, if Newsweek were not allowed to intervene, it would likely suffer prejudice, as it would be potentially unable to access case filings in which it has an interest. *Id.* ("Under the third timeliness factor, appellant could suffer prejudice if its motion is denied, because if it brings a separate suit to gain access to the information under the Texas Act, any potential remedy will be restricted by the confidentiality order issued here."). Finally, there are no "unusual circumstances militating either for or against a determination that the application is timely." *Sierra Club*, 18 F.3d at 1205. Since three out of four of the *Sierra Club* factors support a finding that Newsweek's motion was timely, with the fourth factor being neutral, the Court finds that Newsweek's application for intervention is timely under the first *Texas* factor.

*Second*, Newsweek also satisfies the *Texas* factor requiring that it have an interest in the instant case. The Fifth Circuit has repeatedly recognized the unique interests of news organizations, despite the fact that they are "'not parties to litigation.'" *Ford*, 242 F.3d at 240 (quoting *Davis,* 78 F.3d at 926). *Third*, Newsweek's interest may be "impair[ed] or "impede[d]" by disposition of this case, and *fourth*, Newsweek's interest will "be inadequately represented by the existing parties." *Texas*, 805 F.3d at 657. Newsweek will be unable to access the information it seeks about this lawsuit if its motion to intervene is denied, as the parties jointly agreed to move to seal the case pursuant to their "settlement agreement… in place." (Dkt. 8, at 2). Thus, all four *Texas* factors weigh in favor of allowing Newsweek to intervene in this case.

Finally, the Court must determine whether Newsweek has Article III standing to intervene and move to unseal the case. Newsweek must have independent standing, as it is seeking "relief that is different from that which is sought by" the parties, *Town of Chester, N.Y.*, 137 S. Ct. at 1651, who previously contractually agreed to move to seal the case. (Dkt. 17, at 2 ("Plaintiff has agreed

5

contractually with some parties to this case to jointly move with Defendants… to administratively close and seal the case"); Dkt. 22, at 17 ("confidentiality and the agreement to seal the case were material terms" of the settlement").[1] To establish independent standing to intervene for the purpose of unsealing this action, Newsweek must have "an injury in fact that is fairly traceable to the challenged act and that is likely to be redressed by the requested remedy." *Davis*, 78 F.3d at 926. As the Fifth Circuit has recognized, news organizations have standing where they seek to challenge the sealed nature of the proceeding and nothing else. *Id.* ("Several courts have held that news agencies have standing to challenge confidentiality orders in an effort to obtain information or access to judicial proceedings, although they are neither parties to the litigation nor restrained directly by the orders."). This is exactly what Newsweek asks to do. If Newsweek is allowed to intervene, its lack of access to the sealed documents will be redressed. Therefore, Newsweek has Article III standing to intervene in this action.

Accordingly, the Court finds that Newsweek is entitled to intervene by right and grants Newsweek's motion to intervene. (Dkt. 10).

### III. NEWSWEEK'S MOTION TO UNSEAL

#### A. Legal Standard

Generally, the public has a right to inspect judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "This right 'promotes the trustworthiness of the judicial process, curbs judicial abuses, and provides the public with a better understanding of the judicial process, including its fairness [and] serves as a check on the integrity of the system.'" *Bradley on behalf of AJW v. Ackal*,

---

[1] In its response, WOA indicates that it "was not a party to any settlement agreement that was apparently entered into by other parties in this action," but it still strongly supports denying Newsweek's motion. (Dkt. 20, at 8). Furthermore, WOA jointly moved alongside Plaintiff and the other Defendants to seal and administratively close the case. (Dkt. 8).

6

954 F.3d 216, 224 (5th Cir. 2020) (quoting *United States v. Sealed Search Warrants*, 868 F.3d 385, 395 (5th Cir. 2017)).

This right "is not absolute" and "the 'common law merely establishes a presumption of public access to judicial records.'" *Id.* at 225 (quoting *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993)). The Fifth Circuit has neither "assigned a particular weight to" this presumption nor "interpreted the presumption in favor of access as creating a burden of proof." *Id.* But in light of the public's right to access judicial records, courts are required to "use caution in exercising [their] discretion to place records under seal." *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 689–90 (5th Cir. 2010) (citing *Fed. Sav. & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987)). "'In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure.'" *Bradley*, 954 F.3d at 225 (quoting *Van Waeyenberghe*, 990 F.2d at 848). "The presumption however gauged in favor of public access to judicial records is one of the interests to be weighed on the public's side of the scales." *Id.* (quotations and citations omitted).

"Not every document, however, is a judicial record subject to the common law right of access." *Id.* "[S]ealing may be appropriate where orders incorporate confidential business information." *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015). In some cases, such as those involving "trade secrets, the identity of informants, and the privacy of children," *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002), or those in which information could be used for "scandalous or libelous purposes," *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995), the interest in secrecy is compelling. But when the party seeking leave to file under seal "does not identify any particular confidential information in the orders that may cause it harm, and much of the information therein is available elsewhere," sealing is generally unwarranted. *N. Cypress*, 781 F.3d at 204; *see also Powers v. Duff & Phelps, LLC*, No. 1:13-CV-768, 2015 WL 1758079, at *7–8 (W.D. Tex.

7

Apr. 17, 2015) ("[T]he parties' decision to designate documents as confidential does not mandate that the Court seal the record. The standard for sealing court documents is more stringent than [the] standard for protecting discovery materials under a protective order."). "[I]n order for a document to be sealed, the movant must not only point to specific confidential information contained in the document, but must also show the specific harm that would be suffered if the public were granted access to this document." *Omega Hosp., LLC v. Cmty. Ins. Co.*, No. CV 14-2264, 2015 WL 13534251, at *4 (E.D. La. Aug. 12, 2015) (citing *N. Cypress*, 781 F.3d at 204).

### B. Discussion

Here, the Court finds that Plaintiff and Defendants have not asserted sufficient grounds for maintaining this case under seal. The parties' arguments generally can be grouped as follows: (1) the parties have already contractually agreed to seal the case; (2) Newsweek already has access to the complaint in this case; (3) no summons was served on the Defendants and Newsweek did not properly serve the parties; (4) Newsweek used to be owned by members of the WOA, a church and one of the Defendants in this case; and (5) Newsweek's CEO, Dev Pragad, a former church member, is targeting Olivet University and its affiliates through Newsweek's media coverage. The Court finds that the parties have not presented any compelling reasons for keeping the case sealed besides making some general statements regarding the confidentiality of certain business records and the parties' desire to keep sensitive information private. Although the parties have argued that certain information may be harmful if made public,[2] they have not shown why that potential harm

---

[2] Dkt. 8, at 2 ("[t]he case contains confidential and proprietary information that could cause harm to the parties named herein if third-parties disseminate the documents in the case"); Dkt. 17, at 3 (citing "the nature of the allegations and interest from third-party media sources"); Dkt. 20, at 8 (stating that "WOA disputes the allegations upon which it was named in this case"); Dkt. 22, at 4-5 ("[t]he initial complaint comprised private lending terms, confidential financial information, and proprietary business information for [the e-commerce] defendants" and the parties feared "that Newsweek would misuse confidential information in the filings to subject the private businesses to media abuse"); Dkt. 23, at 9 (Newsweek seeks "a reservoir of information to publish libelous statements against Olivet University and the Church").

necessitates sealing of the docket entries as a whole. *See Blue Spike, LLC v. Audible Magic Corp.*, 2016 WL 9275966, at *3 (E.D. Tex. May 17, 2016) ("Even if a party may legitimately claim confidentiality in some information contained in a court filing, that does not justify completely sealing that entry from public scrutiny."). The parties' joint agreement to move to seal the case also carries little to no weight in the Court's determination of whether to seal judicial records. *See Shore Offshore Servs., LLC v. Jab Energy Sols., LLC*, No. CV 18-1288, 2019 WL 367276, at *2 n.2 (E.D. La. Jan. 30, 2019) ("Regardless of what any party considers confidential and would prefer to shelter from public scrutiny, it is not incumbent upon the Court to allow it to be filed under seal."); *Powers*, 2015 WL 1758079, at *7–8) ("[T]he parties' decision to designate documents as confidential does not mandate that the Court seal the record. The standard for sealing court documents is more stringent than [the] standard for protecting discovery materials under a protective order."). To the contrary, the Fifth Circuit has held that "[t]he district court's discretion to seal records 'is to be exercised charily' given the public's common law right of access." *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 203 (5th Cir. 2015). And while the Court notes the allegedly fraught relationship between Newsweek and some of the Defendants—to which the Defendants devote significant attention in their responses—these considerations are not part of an analysis of whether the law counsels in favor of unsealing the case. In light of the strong presumption in favor of open access to court proceedings and the parties' failure to illustrate why the entire docket should be sealed, the Court will grant Newsweek's motion to unseal. (Dkt. 10).

However, the Court will allow Plaintiff and Defendants to submit any proposed redacted versions of the docket entries to date within 7 (seven) days of the issuance of this order. The parties must include specific justifications for each proposed redaction for an *in camera* review. *See In re Sealing & Non-Disclosure of Pen/Trap/2703(d) Orders*, 562 F. Supp. 2d 876, 895 (S.D. Tex. 2008) ("Legitimate confidentiality interests will almost always be fully accommodated by redacting the

troublesome words or passages."). If the parties do not timely submit redacted versions of the docket entries, the entire docket will be fully unsealed.

### III. CONCLUSION

**IT IS ORDERED** that Newsweek's Motion to Intervene and Unseal, (Dkt. 10), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff and Defendants submit any proposed redacted versions of the docket entries to date within 7 (seven) days of the issuance of this order. The parties must include specific justifications for each proposed redaction for an *in camera* review.

**SIGNED** on November 6, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE